## CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT

I, Jonathan Trent, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this continuation in support of a criminal complaint against Lucas Wade Ansell for violations of Title 18, United States Code, Section 117, domestic assault by an habitual offender. Based on the information disclosed below, I submit there is probable cause to believe that on or about December 5, 2024, Ansell violated Title 18, United States Code, Section 117 in the Western District of Michigan. I therefore request the Court authorize the criminal complaint and an arrest warrant for Ansell.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since 2023. I am currently assigned to the Marquette Resident Agency in Marquette County, Michigan. In my employment as an FBI Special Agent, I have received training in investigating various types of Federal criminal violations, including violations of 18 U.S.C. § 117, domestic assault by a habitual offender. The facts in this continuation come from my personal observations, my training and experience, and information obtained from other agents, other law enforcement officers, and witnesses.

3. This continuation is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## APPLICABLE LAW

4. Based on my conversations with an Assistant United States Attorney, I know that the elements of a violation of 18 U.S.C. § 117 are:

   a. That the offense occurred in Indian Country, as defined by 18 U.S.C. § 1151;

   b. That the defendant assaulted the victim;

   c. That the defendant committed the assault against a current or former spouse, parent, child, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabitating with or has cohabitated with the victim as a spouse, parent, child, or guardian, or by a person similarly situated to a spouse, parent, child, or guardian of the victim[1]; and

   d. That the defendant has convictions on at least two separate prior occasions in Federal, State, or tribal court for offenses that would be, if subject to Federal jurisdiction, an assault against a spouse or intimate partner.

5. I also know that "a spouse or intimate partner" includes, among other things, "a person who is or has been in a social relationship of a romantic or intimate nature with the abuser, as determined by the length of the relationship, the type of

---

[1] In *United States v. LaVictor*, the Sixth Circuit affirmed a conviction where the instant offense involved the assault of an intimate partner. *See* 848 F.3d 428, 458 (6th Cir. 2017) (quoting 18 U.S.C. § 2266(7)(A)(i)(II)); see also *United States v. St. John*, 716 F.3d 491, 493 (8th Cir. 2013).

relationship, and the frequency of interaction between the persons involved in the relationship." 18 U.S.C. § 2266(7)(A)(i)(II).

## PROBABLE CAUSE

6.  On December 10, 2024, I was with an officer from the Hannahville Indian Community Tribal Police Department when we made contact with the victim at a known location in Wilson, Michigan. The victim disclosed that Ansell had assaulted her at that location on or about December 5, 2024. This location is in Menominee County on land held in trust for the Hannahville Indian Community.

7.  The victim reported that when she returned home from work, she went to bed for approximately half an hour, but then Ansell woke her asking why she was late and accusing her of infidelity. The victim said she was going back to bed, but Ansell slammed the bedroom door. The victim eventually asked Ansell to leave and said she would pack his things as she no longer wanted him living in her home. Ansell pushed the victim and she fell to the floor. When the victim got up, she tried to push Ansell out the door because she thought he was coming back towards her, and Ansell shoved the victim with both his hands into the countertop. The victim reported Ansell was screaming in her face and then finally left the residence.

8.  The victim had visible bruising on the left lower side of her back which she reported was from where she hit the countertop.

9.  At the time of the assault, the victim and Ansell had been dating on-and-off for approximately five months and Ansell was living with the victim.

10. Ansell has at least two separate prior convictions for assaulting intimate

partners.

11.     First, on or about March 3, 2010, Ansell was convicted of misdemeanor domestic violence in violation of Michigan Compiled Laws Section 750.813, in Delta County Case No. 09FH008228.  On October 19, 2009, officers were called to a Gladstone, MI residence for a report of an assault.  The victim reported that she was visiting the residence and talking to the homeowner about Ansell when he showed up and started pounding on the door.  The homeowner reported she went outside to talk to Ansell, but he went past her and kicked in the door.  The victim reported Ansell threw a bottle of [sic] "Frebrez" at the victim, pushed her to the floor, and then after she got up, grabbed her by the neck and bent her backwards over the stove, choking her.  She had scratches on her chest and red marks on her chest, neck, shoulders, and cheek.  The victim reported she had been dating Ansell for 3.5 months and had just broken up with him the day before.

12.     Second, on February 2, 2022, Ansell was convicted of felony strangulation and suffocation in violation of Wisconsin Statute 940.235(1), in Door County Case Number 2020CF000069.  Court records indicate the charge had a modifier for domestic abuse under Wisconsin Statute 968.075(1)(a).  On March 25, 2020, an officer responded to a motel in Egg Harbor, WI for a reported domestic incident.  Ansell was the caller and said his girlfriend had assaulted him.  When the officer arrived, he found a woman in the motel lobby with bright red blotches on her chest, neck, back, and left arm; scratches on her chest and left wrist; and two red dots on the right side of her neck.  The woman reported that she and Ansell had been

talking about their relationship issues and got into an argument. When she asked Ansell to return her rent money, he got on top of her on the bed, straddled her, and put his hands around her neck, pressing her neck into the bed. The victim reported that she was unable to speak and had difficulty breathing while Ansell had his hands around her neck. The victim said that after Ansell got off her, he pushed her into a storage container and she fell backwards, striking her head on the bed's headboard. The victim said she had Ansell had been dating for three months and were living together. Ansell said they had been dating two months and claimed the victim was the aggressor.

## **CONCLUSION**

13.     I submit that this continuation establishes probable cause to believe that Ansell violated Title 18, United States Code, Section 117. I therefore request that the Court authorize the criminal complaint and issue a warrant for Ansell's arrest.